ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE SEVENTH JUDICIAL |
| COUNTY OF SPARTANBURG ) | CIRCUIT |
| ) | CIVIL ACTION NO.: 2021-CP- |
| EMILIE RUSCH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | **SUMMONS** |
| vs. ) | **(Jury Trial Demanded)** |
| ) | |
| JOHN KARLSEN ) | |
| ) | |
| and ) | |
| ) | |
| EAST COAST CONCRETE PLUMBING, ) | |
| LLC., ) | |
| ) | |
| DEFENDANTS. ) | |

TO:   THE DEFENDANT ABOVE-NAMED

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully Submitted,

By:   /s/ Joseph M. Krause_____
      Joseph M. Krause, Esq.
      SC Bar No.: 101783
      Shelly Leeke Law Firm, LLC
      3614 Ashley Phosphate Road
      North Charleston, SC 29418
      843-297-8485 (phone)
      843-297-8497 (fax)

March 1, 2021                       Joe@leekelaw.com
North Charleston, South Carolina    Counsel for Emilie Rusch

ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG ) | |
| ) | CIVIL ACTION NO.: 2021-CP- |
| ) | |
| EMILIE RUSCH ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | **COMPLAINT** |
| v. ) | **(Jury Trial Demanded)** |
| ) | |
| JOHN KARLSEN ) | |
| ) | |
| and ) | |
| ) | |
| EAST COAST CONCRETE ) | |
| PLUMBING, LLC. ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

Plaintiff Emilie Rusch, and her undersigned attorney, complaining of the Defendants, would allege and show unto the Court the following:

## JURISDICTION AND VENUE

1. At the time of the collision, the Plaintiff was a citizen and resident of Winnebago County, Wisconsin.

2. Defendant John Karlsen (hereinafter "Defendant Karlsen" or "Defendant Truck Driver"), upon information and belief, is a citizen and resident of Spartanburg County, South Carolina, and was a resident of Greenville, South Carolina at the time of the incident discussed herein.

3. Upon information and belief, Defendant East Coast Plumbing Company LLC (hereinafter "Defendant Plumbing Company"), is a South Carolina Corporation, which owns property and/or conducts business in the Counties of Spartanburg and Greenville, State of South Carolina, and that at all times relevant hereto held a South Carolina Business License and

can be served through its registered agent Brian Forcier at 112 Preston Drive, Greer, South Carolina 29651.

4. This suit arises out of an automobile collision that occurred in Spartanburg County, South Carolina on October 15, 2018.

5. At all times pertinent hereto Defendant Plumbing Company was acting by and through its respective employees, agents, officers, independent contractors and servants who were acting within the course and scope of their employment, agency, and/or contractual or other relationship and/or authority; these employees, agents, officers, independent contractors and servants include, but are not limited to, Defendant Truck Driver.

6. The Plaintiff was injured as a result of the collision occurring on October 15, 2018.

7. This Court has personal and subject matter jurisdiction over the claims asserted herein and venue is proper in Spartanburg County.

## FACTS

8. On October 15, 2018, at approximately 12:20 PM, Plaintiff Rusch was a pedestrian, crossing Church Street in Spartanburg, SC.

9. Defendant Truck Driver was driving a large truck owned by Defendant East Coast Plumbing Company, and was stopped at the intersection of Dunbar and Church streets, at that same time and place.

10. As Plaintiff Rusch was crossing the street directly in front of Defendant Truck Driver, he chose to make a right on red.

11. Defendant Karlsen struck Ms. Rusch with his truck, knocking her to the ground, and causing her to strike her head on the curb.

12. Plaintiff Rusch was not given an opportunity to avoid Karlsen's truck.

ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652

13. Defendant Karlson had an extensive history of traffic violations, including previous convictions for speeding and disobeying a traffic control device.

14. Plaintiff Rusch suffered substantial injuries due to the collision, including but not limited to a traumatic brain injury from which she has not yet recovered.

**15.** Plaintiff Rusch's personal property was damaged.

**FOR A FIRST CAUSE OF ACTION**
(Negligence - Personal Injury, Property Damage and Negligence Per Se)

16. Plaintiff realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

17. The collision, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Truck Driver, in the following particulars:

    (a) Driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

    (b) Failing to maintain a proper lookout;

    (c) Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing;

    (d) Failing to keep his motor vehicle under control;

    (e) Failure to yield the right-of-way; and

    (f) In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct and proximate cause of the damages and injuries claimed herein.

ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652

18. As a direct and proximate result of Defendant Truck Driver's willful, wanton, reckless, grossly negligent, and negligent acts as set out above, the Plaintiff has suffered injuries which have caused, and in the future will cause, pain, suffering, impairment, and loss of enjoyment of life.

19. All of the above-described acts of negligence, negligence per se, willful, wanton, careless, and reckless conduct are in violation of the statutes, regulations, rules and laws of the State of South Carolina (including but not limited to S.C. Code Ann. sections 56-5-2920, 56-5-2770, and 56-1-20), which statutes, regulations, rules and laws are designed to protect South Carolina citizens, including the Plaintiff, and the above-described acts are the direct and proximate cause of the injuries and damages suffered by Plaintiff Emilie Rusch.

20. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Truck Driver as set out above, as well as his violations of state law, the Plaintiff is entitled to recover actual and punitive damages as determined by a jury.

21. Because at the time of the collision Defendant Truck Driver was a employee, agent, officer, independent contractor and/or servant of Defendant Plumbing Company, and was acting within the course and scope of his employment, agency, and/or contractual or other relationship and/or authority, Defendant Plumbing Company is jointly and severally liable for the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Truck Driver as set out above, as well as his violations of state law.

22. Plaintiff demands a jury trial.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring, Supervision and Retention)

23. Plaintiff realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652

24. Defendant Plumbing Company owed statutory and common law duties to the Plaintiff not to negligently hire, supervise, or retain employees incapable of complying with all provisions of state law.

25. Defendant Plumbing Company failed to properly review, interview, or interact with Defendant Truck Driver prior to hiring him as a Plumbing Company employee.

26. Defendant Plumbing Company knew or should have known that Defendant Truck Driver lacked the proper training, experience, and ability to comply with all provisions of state law.

27. Defendant Plumbing Company knew or should have known that Defendant Truck Driver's inexperience, lack of training, and history of inability to comply with state law was evidence that he was therefore a reckless driver.

28. Defendant Plumbing Company failed to comply with state law prior to utilizing Defendant Truck Drivers as employees.

29. Defendant Plumbing Company failed to properly supervise and train Defendant Truck Driver, specifically with regard to yielding the right-of-way to pedestrians, keeping a proper lookout, speeding, and obeying traffic control devices, in violation of state law.

30. Defendant Trucking Company allowed Defendant Truck Driver to continue to operate large trucks without the most basic training, specifically with regard to yielding the right-of-way to pedestrians, keeping a proper lookout, speeding, and obeying traffic control devices, in violation of state law.

31. The collision, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Plumbing Company in the following particulars:

    (a)     In failing to properly train its employees/agents in a reasonable manner;

    (b)     In hiring Defendant Truck Driver, when they knew or should have known that he was likely to cause a collision such as the one described in this Complaint;

ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652

(c)    In failing to adequately train Defendant Truck Driver in how to properly operate large trucks;

(d)    In failing to adequately supervise Defendant Truck Driver;

(e)    In failing to have its employees and agents properly administer to their duties;

(f)    In negligently retaining its employees and agents;

(g)    In failing to confirm that its employees and agents had driving histories that suggested that they would be safe drivers in the future;

(h)    In the failure of Plumbing Company to have or follow policies and procedures to monitor the actions of its employees;

(i)    In the failure of Plumbing Company to have or follow policies and procedures to ensure that an incident, such as the incident described above that caused injury to the Plaintiff, does not occur;

(j)    In the failure of Plumbing Company to have or in violating policies or procedures to adequately address the actions and conduct of their employees;

(k)    In the failure of Plumbing Company in hiring and retaining negligent and grossly negligent drivers;

(l)    In failing to appreciate the gravity and seriousness of hiring and retaining negligent and grossly negligent drivers;

(m)    In the failure of Plumbing Company to have or follow policies and procedures to ensure that a negligent and grossly negligent driver was not driving a Trucking Company vehicle;

(n)    In the failure of Plumbing Company to have in place appropriate policies and procedures to ensure compliance with the South Carolina Code;

(o)    In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the circumstances then and there prevailing; and

(p)    In such other and further particulars as the evidence at trial may show.

32. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant Plumbing Company and Defendant

Truck Driver, Plaintiff suffered conscious pain and suffering, physical harm and injury, permanent impairment, lost wages and other damages.

33. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Plumbing Company and Defendant Truck Driver as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

### FOR A THIRD CAUSE OF ACTION
(Negligent Entrustment)

34. Plaintiff realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

35. Defendant Plumbing Company knew or should have known that Defendant Truck Driver was untrained and incapable of operating his vehicle in the manner required by state law, specifically with regard to yielding the right-of-way to pedestrians, keeping a proper lookout, speeding, and obeying traffic control devices.

36. Defendant Plumbing Company knew or should have known that Defendant Truck Driver's inexperience and lack of training was evidence that he was incapable of complying with state law and were therefore reckless drivers.

37. Defendant Plumbing Company knew or should have known that Defendant Truck Driver's driving history was evidence that he was incapable of complying with state law and was therefore a reckless driver.

38. Defendant Plumbing Company entrusted a Plumbing Company vehicle to Defendant Truck Driver despite knowing that he lacked proper training, experience, and licensure, specifically with regard to yielding the right-of-way to pedestrians, keeping a proper lookout, speeding, and obeying traffic control devices.

39. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants East Coast Plumbing Company LLC and John Karlsen, Plaintiff Emilie Rusch suffered conscious pain and suffering, physical harm and injury, lost wages and other damages.

40. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants East Coast Plumbing Company LLC and John Karlsen as set out above, Plaintiff Emilie Rusch is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

WHEREFORE, Plaintiff Emilie Rusch prays for the following:

i. Judgment, jointly and severally, against both Defendants for actual and punitive damages in an amount to be determined by a jury;

ii. For the costs of this action; and

iii. For such other and further relief as this court deems just and proper.

By: /s/ Joseph M. Krause_____
Joseph M. Krause, Esq.
SC Bar No.: 101783
Shelly Leeke Law Firm, LLC
3614 Ashley Phosphate Road
North Charleston, SC 29418
843-297-8485 (phone)
843-297-8497 (fax)
Joe@leekelaw.com
Counsel for Emilie Rusch

March 1, 2021
North Charleston, South Carolina

ELECTRONICALLY FILED - 2021 Mar 01 1:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4200652