IN THE UNTED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| EMILIE RUSCH ) | CIVIL ACTION 7:22-cv-00390-TMC |
| ) | |
| Plaintiff, ) | **MOTION TO REMAND** |
| ) | |
| v. ) | |
| ) | |
| JOHN KARLSEN ) | |
| ) | |
| and ) | |
| ) | |
| EAST COAST CONCRETE ) | |
| PUMPING, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Comes now the Plaintiff, Emilie Rusch, by and through her undersigned attorney, and submits the following Motion to Remand. The Defendant's removal of this matter from Spartanburg County to this Court, earlier today, was improper for the following reasons:

**PROCEDURAL POSTURE**

1) This case was initially filed in the Circuit Court of Spartanburg County, State of South Carolina, on March 2, 2021, as Civil Action Number 2020CP4200652.

2) All Defendants were served on or before March 22, 2021.

3) The Defendants failed to file an Answer to the Complaint, and an Order of Default was entered on April 28, 2021. See Attachment A.

4) The Defendants filed a Motion to Set Aside Default on May 12, 2021, which the Court held an in-person hearing on, on September 2, 2021, and orally denied Defendants' Motion.

5) The Defendants thereafter requested that they be allowed to file a supplemental briefing before a written ruling was made, but later withdrew their request. See Attachment B.

6) The Defendants then requested an "early mediation" supposedly for purposes of judicial efficiency, but failed to follow up in any way for several months, leading to the hearing being added back to the calendar for January 31, 2022, which hearing was then continued by the court *sua sponte* to February 24, 2022.

7) On February 7, Defendants filed what was styled a "consent" motion to once again continue the damages hearing off the roster, this time supposedly to conduct discovery (although discovery requests were first propounded on the Plaintiff less than a week prior to this filing). See Attachments C and D. Despite the "consent" styling of said motion, Plaintiff had not been informed of it, and certainly did not consent. Not knowing this fact, however, the Court granted the motion the same day it was made. (As aside, Plaintiff's counsel was drafting a Motion to Reconsider said "consent motion" when Defendants' Notice of Removal was received).

8) Today, February 9, 2022, 344 days after initial filing, and 273 days after defense counsel filed their first responsive pleading, the defense requested removal to federal court.

9) As of today, the only outstanding issue in the state case is how much the court will award at the upcoming damages hearing.

## ARGUMENT

10) Pursuant to 28 U.S.C. § 1446(b)(1), The Defendants had only 30 days after receipt of the action to request removal to federal court, which window they have missed by even the most generous calculation.

11) Prior to even the filing of the suit, Plaintiff had informed the Defendants of her intent to seek several million dollars in damages, and instructed the Defendants' insurer, in writing, that they should either immediately tender their policy limits (i.e. 3 million dollars) or, in the alternative, set their reserves for a judgment in excess of five million dollars.  See Attachment E.

12) Paragraphs one through three of the state Complaint reminded the Defendants that there was complete diversity between the parties. See Attachment F.

13) The Defendants' contention, at paragraph 6 of their Notice of Removal that "no ruling has been made on Plaintiff's Motion for Default" is simply untrue – the motion was granted on April 28, 2021.  Again, see Attachment A.

## CONCLUSION

Because the Defendants have been on notice of all jurisdictional issues (i.e. diversity, amount in controversy, etc.) that would allow them to remove this matter from State to Federal court for well more than 30 days, their attempt at removal was inappropriate, and the case should be immediately remanded to state court.  Further, their only other claim – that Plaintiff's Motion for Default has not been ruled upon yet – is demonstrably untrue.  Their Notice of Removal has effectuated nothing other than to once again delay Plaintiff's Damages hearing, and to waste this Court's time.  Plaintiff requests that her Motion to Remand be granted, and that her attorney fees and costs in responding to it be likewise granted.

*[signature on following page]*

By:   <u>/s/ Joseph M. Krause</u>
Joseph M. Krause, Esq.
Fed. Bar No.: 12299
Shelly Leeke Law Firm, LLC
3614 Ashley Phosphate Road
North Charleston, SC 29418
843-297-8485 (phone)
843-297-8497 (fax)
Joe@leekelaw.com
Counsel for Emilie Rusch

February 9, 2022
North Charleston, South Carolina

4